The opinion of the court was delivered by
Watkins, J.
The averment of the plaintiff’s petition is that in February, 1892, he executed a deed to the Delhi Land and Improvement Company, Limited, under certain conditions, to one forty-acre tract of land and one acre of land in the vicinity of Delhi, in the parish of Richland, and that at the same time and place said land and improvement company executed a deed in his favor to certain *1235 pieces and parcels of land in the same vicinity, the two transactions being intended as an exchange pro tanto. That said deeds were placed in the keeping and custody of Morse Rohnert, the defendant, “ with the understanding and express agreement that said deeds should not be recorded nor filed for record * * * until after the specific performance of a certain (other) agreement between the said land improvement company and petitioner, which agreement was in substance * * * that (petitioners) should pay, or cause to be paid, one-sixth of the indebtedness of said company as soon as the other stockholders should pay their proportionate parts of said indebtedness. That contemporaneously with the agreement and the delivery to the defendant of the aforesaid deed of the plaintiff, the former executed his obligation, in which he bound himself not to deliver said deed nor to permit the same to be recorded until after the delivery by him to your petitioner of the deed made by said land company in his favor.”
That on or about the 27th of January, 1893, the defendant, in violation of his agreement, did cause, or permit the said deed of petitioner to the land company to be recorded, “ greatly to the injury and detriment of your petitioner;” and plaintiff avers “that the permitting of the recording of said deed to said land company, or allowing same to pass from his custody, was in bad faith, and * * * that said violation of trust on the part of said Rohnert was expected and intended by said Rohnert to accrue to his personal benefit.” That said violation of trust and agreement was and is productive of great injury to petitioner, and to the extent of the sum of five thousand dollars, to-wit:
“ Petitioner is damaged in the sum of not less than one thousand dollars by the alienation from him of his property described in said deed, made by him to said land company without consideration, petitioner having received no consideration therefor. “Petitioner is further damaged in the sum of four thousand dollars by the reason that the said land company has pretended to dispose of all of the lands conveyed in both of the above described deeds; and that not without great cost and loss of valuable time, and the interference of business, can said agreement or contract with said Delhi Land and Improvement Company be enforced.”
Wherefore plaintiff’s prayer is “ for judgment in and for the amounts above specified (to) be rendered against the defendant.”
*1236 From a casual inspection of the quoted averments it is evident that there is not, nor could there be any contingency in which the District Ooux't or this court could now, or at any time, have rendered a judgment for more than one thousand dollars in favor of the plaintiff, and hence this court has no jurisdiction ratione materise. For the plain declaration of plaintiff’s petition is that “ he is damaged in the sum of not less than one thousand dollars by the alienation from him of his property described in his deed to the land company ” — that is to say the forty-one acres that is covered by the deed — being an estimative value of twenty-five dollars per acre, an exceedingly improbable valuation. And its further declaration is that he is “further damaged in the sum of four thousand dollars by the reason that the said land company has pretended to dispose of all the lands conveyed in both of the above described deeds.”
Granting this last declaration to be absolutely true in every particular, yet it is not alleged that the defendant was in any manner responsible for the damage that resulted. The land improvement company was not made a party to this suit. The defendant is not alleged to be an officer, director or stockholder of the company; nor is there alleged to be any privity of contract between them in respect to these transactions, from which, imputation of liability could be inferred.
In the court below there was first a judgment rendered in favor of the defendant, but on rule for a new trial that judgment was set aside and a new trial granted. On the second trial there was judgment in favor of the plaintiff for the sum of four hundred and five dollars, from which the defendant alone appealed.
In this court the plaintiff failed to answer the appeal and demand an increase of the judgment. This state of facts clearly characterizes the demands of the plaintiff — if that were needed — and furnishes confirmation of the view we entertain of the pleadings.
■ In the lower court the defendant filed an exception of no cause of action, which was undoubtedly directed at that part of the petition which refers to the damages that are alleged to have been suffered at the hands of the land improvement company. We are of opinion it should have been sustained to that extent, and the suit restricted to plaintiff’s remaining demand, as the judgment evidently was. Had this course been pursued the demand against the land improvement company would have passed out of the case, and clearly ex- *1237 hibifced the ]ack of jurisdiction in this court ratione materias. But as this was not done by the judge a quo, it becomes our duty to give effect to the plea of no cause of action in respect to the plaintiff’s demand against the land company. And finding that no cause of action is stated in this respect, the remaining demand for one thousand dollars is not within our jurisdiction, and the appeal must be dismissed ea; proprio motu.
It is therefore ordered, adjudged and decreed that the appeal in this canse be dismissed at appellant’s cost.
Rehearing refused.